UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DEAN DUSENBERY, | ) | Case No. 5:91 CR 291 - 1 |
| | ) | |
| Plaintiff, CHECK | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. CHECK | ) | |

This case is before the Court on the following pending motions:

•Petitioner Larry Dean Dusenbery's "Motion to Reopen 2255 Proceedings under Federal Civil Rule 60(b)(6) and 60(d) Because the Government Put a Fraud on the Court by Suppressing additional Brady Material" ("Dusenbery's Motion to Reopen") (**Doc #: 658**);

•The Government's a "Motion to Dismiss Rule 60(b) Motion" ("Government's Motion to Dismiss") (**Doc #: 661**); and

•Dusenbery's Motion to Disqualify Cleveland's United States Attorneys Office ("Dusenbery's Ddisqualification Motion") (**Doc #: 663**).

The Court has reviewed the aforementioned motions, Dusenbery's response to the Government's Motion (Doc #: 664) and the Government's response to Dusenbery's Disqualification Motion (Doc #: 665).

First, the Court **DENIES** Dusenbery's Disqualification Motion (**Doc #: 663**) for the reasons succinctly set forth in the Government's Memorandum Opposing Motion to Disqualify United States Attorney's Office.

Second, the Government's Motion to Dismiss (**Doc #: 661**) is **GRANTED** to the extent that it contends Dusenbery's Motion to Reopen raises a new ground for habeas relief requiring Sixth Circuit certification before this Court can review it.

And finally, because the Court finds that Dusenbery's Motion to Reopen (**Doc #: 658**) raises a new ground for habeas relief, the Clerk of Court is directed to **TRANSFER** this Motion to the Sixth Circuit Court of Appeals for certification review under 28 U.S.C. § 2255(h).

**I.**

In October 1991, a 27-count indictment was filed in the district court charging Larry Dean Dusenbery, who was incarcerated in a federal prison at the time, with a continuing criminal enterprise ("CCE"), eight counts of using a communication facility to facilitate drug-trafficking, and conspiracy to distribute at least 32-kilograms of cocaine hydrochloride. In other words, Dusenbery was indicted for conducting a drug-trafficking enterprise from his prison cell while serving a sentence for drug-trafficking. On the day of trial, Dusenbery entered into a plea agreement with the Government wherein he agreed to plead guilty to the CCE count in exchange for the Government's dismissal of the other counts. The Court denied Dusenbery's subsequent motion to withdraw guilty plea, after which he was sentenced to 324 months in prison.[1] On appeal, the Sixth Circuit held that Dusenbery should have been allowed to withdraw his plea, and vacated his conviction. *United States v. Dusenbery*, No. 92-3791, 7 F.3d 235 (6th Cir. Oct. 4, 1993).

---

[1]This case has been adjudicated by three federal judges: District Judge Sam H. Bell (from beginning to July 16, 1997); District Judge Kathleen M. O'Malley (from July 16, 1997 to November 28, 2011); and District Judge Dan A. Polster (from November 28, 2011 to the present).

On remand, Dusenbery was tried and found guilty of both the CCE and conspiracy counts, the communication counts having been dismissed prior to trial. The Sixth Circuit affirmed these convictions on direct appeal, finding:

> The evidence introduced at trial established that Mr. Dusenbery had been involved in the distribution of cocaine since at least 1983. He was assisted by several individuals, including his mother, Mary Dusenbery, and his girlfriend, Terry Franjesh.
>
> In 1986, Mr. Dusenbery was arrested and ultimately convicted on drug charges. In this connection he was incarcerated for a time at the Ashland Federal Correctional Institute in Kentucky. While there he met one Gus Kloszewski,[2] who was able to provide a new and better source of supply for Mr. Dusenbery's operation. Still incarcerated, Dusenbery arranged for his subordinates to purchase cocaine from Kloszewski's organization for distribution in northeast Ohio.
>
> The scheme ultimately unraveled as a result of an unrelated FBI investigation. While executing a search warrant as part of an investigation of labor racketeering, the FBI discovered that one of the subjects of the investigation had previously written a $6,000 check to Mary Dusenbery. Another subject of the investigation was incarcerated with Mr. Dusenbery. These circumstances led a grand jury to issue a subpoena for the "logger tapes" of telephone conversations conducted by Mr. Dusenbery while in prison. Information obtained from these tapes was used to obtain the conviction that is the subject of this appeal.

*United States v. Dusenbery*, No. 94-3804, 1996 WL 306517, at *1 (6th Cir. Jun. 6, 1996).

In 1996, the FBI revealed that Case Agent John Graves purloined $4400 in cash that he found at the home of Dusenbery's mother – which money lawfully belonged to her boyfriend, Edward Clouse. This prompted Dusenbery to file a motion to vacate sentence under 28 U.S.C. § 2255, and a motion for new trial. (Doc ##: 532, 535, 559.) Among other things, Dusenbery argued that there was no probable cause to issue the wiretap due to allegedly false statements Agent Graves made in the affidavit in support of that wiretap. Dusenbery also argued that the

---

[2] Mr. Kloszewski's name is spelled at least four different ways throughout the record. The Court will use this spelling by the Sixth Circuit throughout this opinion.

Government's failure to disclose the falsity of Graves' statements before and during trial was a violation of the government's constitutional obligation to disclose material, exculpatory information to Dusenbery, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Court denied both motions in July 1998, and the Sixth Circuit affirmed those rulings. *Dusenbery v. United States of America*, No. 98-4152, 1999 WL 993973 (6th Cir. Oct. 21, 1999).

In 1999, Dusenbery successfully sought authorization from the Sixth Circuit to file a second or successive § 2255 motion based on *Richardson v. United States*, 526 U.S. 813 (1999). In *Richardson*, the Supreme Court held that, in a CCE case, the jury must agree unanimously not only that the defendant committed some "continuing series of violations," but also on the specific violations committed. The district court granted the motion, vacated the CCE conviction and ordered resentencing on the cocaine conspiracy conviction. *Dusenbery v. United States of America*, Nos. 5:00cv1781, 5:91cr291, 2000 WL 33964135 (N.D. Ohio Oct. 31, 2000). Following failed plea negotiations, the Court sentenced Dusenbery to life in prison. (Id.) That ruling was affirmed on appeal. *See United States v. Dusenbery*, 78 F. App'x 443 (6th Cir. 2003).

In March 2004, Dusenbery filed a third post-trial (and apparently unauthorized) § 2255 motion wherein he challenged his sentence on the basis that counsel was ineffective during plea bargain discussions, citing in support *Mallett v. United States*, 334 F.3d 491 (6th Cir. 2003). (Doc #: 652.) Dusenbery argued that counsel was ineffective for failing to disclose to him the degree to which the court departed downward in another drug-trafficking case, contending that he would have accepted the government's plea bargain had he known how "lenient" the court can be. (Id. at 5.) Judge O'Malley denied the motion. (Case No. 5:91 cr 291; Doc #: 652.)

Dusenbery has now filed a Motion to Reopen the first § 2255 proceedings.[3] (Doc #: 658.) He argues that he "recently received evidence under the Freedom of Information Act (FOIA) that the government suppressed additional *Brady* material which calls into question the very legitimacy of the district court's prior ruling." (Doc #: 658, at 2.) The recently discovered evidence is newspaper articles and the transcript of Kloszewski's 1983 trial.

The FOIA request revealed two 1983 articles from a local newspaper, The Times of Gainesville, Georgia, discussing Gus Kloszewski's 1983 drug-trafficking conspiracy trial. According to the articles, Kloszewski, the only conspirator who took the witness stand in his defense at the 1983 trial, concocted a story that he was not trying to import cocaine, but was just trying to steal the airplane that was going to be used to import those drugs. According to one article, Kloszewski's testimony was so fantastical, even his own attorney didn't believe him. (See Doc #: 658-3, at 1 ("In closing arguments this morning [Dusenbery's] attorney conceded to jurors that Gustav Walter Klosewski . . . had tried to con them, but maintained he still is innocent of conspiring to import 300 kilograms – some 650 pounds – of cocaine."))

Dusenbery also complains that the Government turned over to him the trial transcripts of cases where Kloszewski testified other than his 1983 trial, "leading [Dusenbery] to believe there was no other *Brady* material in other proceedings where Kloszewski testified." (Dusenbery's Motion, at 4.) By failing to disclose the articles, the Government violated its *Brady* obligation and "put a fraud on the court during [his] 2255 proceedings" rising to the level of violations found by the Sixth Circuit in *Demjanjuk v. Petrovsky*, 10 F.3d 338, 354 (6th Cir. 1993). (Id.)

---

[3]The case was randomly assigned to me following Judge O'Malley's elevation to the Court of Appeals for the Federal Circuit.

Dusenbery concludes that this allegedly withheld information, along with the former allegedly withheld information of FBI Agent John Graves' case-related corruption, would have changed the outcome of his trial. Dusenbery argues that he should not have to seek permission to file a successive § 2255 motion in the Sixth Circuit which, he acknowledges, poses a nearly insurmountable obstacle to his claim, because it would allow the Government to profit from its egregious conduct. (Id. at 5.)

The Government has filed a Motion to Dismiss, contending that the Court should deny Dusenbery's Motion because it is an improper attempt to circumvent the requirement of seeking permission from the Sixth Circuit before filing in the district court; Dusenbery is not entitled to relief under Rule 60; and the Government did not violate its *Brady* obligations. (Doc #: 661.) The Court agrees with the first argument and, therefore, will not reach the merits.

A Rule 60 motion may not be used as a substitute for the statutory obligation to seek Court of Appeals permission to file a second or successive § 2255 petition.

> A Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.' " *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, . . . (2005). In this context, the Supreme Court has described a "claim" as follows:
>
>> A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

-6-

> *Gonzalez*, 545 U.S. at 532. Thus, a Rule 60(b) motion is a successive habeas petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied." *Id*. at 531 (internal citation omitted); *see also Post*, 422 F.3d at 425.
>
> On the other hand, a Rule 60(b) motion that "merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" is not construed as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532 n. 4 (emphasis added); see also *In re Bowen*, 436 F/3d 699, 704 (6th Cir. 2006).

*In re Gibbs*, Nos. 07-3956, 97-00556, 2008 WL 2944699, at *1-2 (6th Cir. Jul. 24, 2008)

Although Dusenbery purports to seek the reopening of his earlier § 2255 proceeding, he is in fact challenging the constitutionality of his conspiracy conviction based on a new ground for relief, i.e., the Government's alleged failure to disclose impeachment evidence in the form of Kloszewski's 1983 trial testimony and articles mentioning it – in violation of *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972). As such, Dusenbery's claim falls squarely within 28 U.S.C. § 2255. Under pertinent provisions of that statute,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2255(h)(1), (2). Since Dusenbery has not sought authorization from the Sixth Circuit to file this new habeas claim in the district court, the Court will transfer the motion to the Sixth Circuit for its review.

The Court notes, in passing, its skepticism that Dusenbery will receive that authorization. The only possible basis for authorization is the "newly discovered evidence" provision of § 2255(h). However, the two 1983 newspaper articles and the transcript of Kloszewski's trial hardly qualify as newly discovered evidence since they are public records that were available to Dusenbery from sources other than the prosecution at the time of his 1996 trial. *See United States v. Delgado*, 350 F.3d 520 (6th Cir. 2003) (*Brady* does not apply to materials such as trial transcripts that are not wholly within the control of the prosecution); *United States v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002) ("The government's failure to disclose potentially exculpatory information does not violate *Brady* 'where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information or where the evidence is available to defendant from another source.'") (quoting *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991); *United States v. Odman*, 47 Fed.Appx. 221, 225 (4th Cir. 2001) (the government's failure to provide transcripts of its witnesses' prior testimony does not violate *Brady* because *Brady* does not apply if the evidence is available to the defendant from other sources). Thus, although Dusenbery is raising a new ground for relief, it is clearly meritless on its face.

**II.**

Based on the foregoing, the Court:

● **DENIES** Dusenbery's Disqualification Motion (**Doc #: 663**);

● **GRANTS** the Government's Motion to Dismiss (**Doc #: 661**) to the extent that it contends Dusenbery's Motion to Reopen raises a new ground for habeas relief requiring Sixth Circuit certification before this Court can review it; and

-8-

- Directs the Clerk of Court to **TRANSFER** Dusenbery's Motion to Reopen (**Doc #: 658**) to the Sixth Circuit Court of Appeals for certification review under 28 U.S.C. § 2255(h).

**IT IS SO ORDERED.**

                                 */s/ Dan A. Polster     March 26, 2012*
                                 **Dan Aaron Polster**
                                 **United States District Judge**