# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 5:91-cr-291 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| LARRY DUSENBERY, ) | |
| ) | |
| Defendants. ) | |

Defendant Larry Dusenbery is a 61-year-old inmate serving a life sentence. Doc #: 625. He suffers from a host of medical conditions including hypertension, actinic keratosis, polycystic kidney disease, and nasal polyps. Doc #: 671 at 7. He was also diagnosed with and overcame prostate cancer. *Id.* Dusenbery requests, primarily because of his health, that the Court grant him compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i) and release him immediately. **Doc #: 671**. For the following reasons, Defendant's Motion is **DENIED**.

## I. Background

Dusenbery has been sentenced three times as a result of his October 9, 1991 multi-charge indictment. First, he pleaded guilty to the charge of continuing criminal enterprise in violation of 21 U.S.C. § 848 and was sentenced to 324 months of imprisonment. Doc #: 202. Dusenbery appealed and his conviction was vacated. *United States v. Dusenbery*, 7 F.3d 235 (6th Cir. 1993). Second, he went to trial on the continuing criminal enterprise charge, was found guilty, and was

sentenced to 480 months. Doc #: 443. Dusenbery again got this sentence vacated. *Dusenbery v. United States*, Case No. 00-CV-1781, Dkt. 17 (N.D. Ohio, October 31, 2000). Third, Dusenbery was convicted of committing conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Doc #: 622. On January 2, 2002, he was given a life sentence. Doc #: 625.

Dusenbery filed a Motion for relief under the First Step Act of 2018 on April 4, 2019. Doc #: 670. The Court appointed a federal public defender to Dusenbery the following day. Nondocument order issued 4/5/2019. On May 20, 2019, Dusenbery presented a request for early release to the warden of FCI Allenwood, where he is detained. Doc #: 671 at 5. After waiting nearly two months for a response, Dusenbery filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). Doc #: 671. The following day the Warden of FCI Allenwood denied Dusenbery's request for early release. Doc #: 672-1. On August 1, 2019, the Government requested the Court stay the proceedings for the Bureau of Prisons ("BOP") to complete an administrative review of Dusenbery's request for sentence reduction. Doc #: 672 at 1. The Government filed its response to Dusenbery's Motion to Reduce Sentence on August 5, 2019. On August 8, 2019, the Court granted the Government's request for a stay over Dusenbery's objection. Doc #: 675. The BOP has completed its review and filed its report, Doc #: 675. Dusenbery did not file a reply.

## II. Discussion

Dusenbery is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) because Dusenbery has failed to show that extraordinary and compelling reasons warrant a sentence reduction.

A court can modify a sentence under § 3582(c)(1)(A)(i) if the court finds that "extraordinary and compelling reasons warrant such a reduction," that "such a reduction is

2

consistent with applicable policy statements issued by the Sentencing Commission," and that such a reduction is appropriate "after considering the factors set forth in 21 U.S.C. § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i).

### A. Extraordinary and Compelling Reason

The commentary to the applicable policy statement defines "extraordinary and compelling reason" through four categories: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; (4) other reasons. United States Sentencing Commission, Guidelines Manual, § 1B1.13 comment. (n.1) (Nov. 2018).[1]

#### 1. Medical Condition of the Defendant

A medical condition is an extraordinary and compelling reason when the illness is terminal or when the defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished and the defendant is not expected to recover. USSG § 1B1.13 comment. (n.1(A)). "Compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Gray*, No. 1:04-CR-00580, 2009 U.S. Dist. LEXIS 161315, at *4 (N.D. Ohio Sept. 20, 2019) (citation omitted).

Dusenbery does not claim to have a terminal illness. Doc #: 671 at 8. Rather, he asserts that the Bureau of Prisons is "ill-equipped to properly treat him or give him the attention he needs." Doc #: 671 at 8. Specifically, Dusenbery emphasizes that in 2001 it was estimated that his kidneys would fail within five to ten years. Doc #: 671 at 8. While his kidneys have not yet failed, Dusenbery argues that when they do the Bureau of Prisons will not be able to handle his

---

[1] Prior to the First Step Act of 2018, compassionate relief could only be requested by the Director of the Bureau of Prisons. The First Step Act of 2018 amended § 3582(c) to allow defendants to request compassionate relief under certain circumstances. Because § 1B1.13 was created prior to the First Step Act of 2018's amendment, courts disagree whether it is binding or merely helpful guidance when considering compassionate relief. *United States v. Fox*, 2:14-cr-03-DBH, 2019 U.S. Dist. LEXIS 115388, at *4-5 (D. Maine July 11, 2019). The Court's decision is unchanged whether § 1B1.13 is binding or helpful guidance.

3

dialysis and possible additional treatments for further complications. Doc #: 671 at 8. Further, Dusenbery asserts that any medications to treat his kidney pain results in a rise in his blood pressure. Doc #: 671 at 7. Thus, he must choose between treating his kidney pain or having high blood pressure. Doc #: 671 at 7. Finally, Dusenbery lists that he also suffers from hypertension, cataracts, dental issues, actinic keratosis, allergic rhinitis, nasal polyps, hemorrhoids, acute periodontitis, nuclear sclerosis and viral warts. Doc #: 671 at 7. He argues these conditions severely diminishes his ability to care for himself within the prison. Doc #: 671 at 8.

As an initial matter, Dusenbery fails to articulate how these conditions impair his ability to provide self-care within the correctional facility. Dusenbery claims that if he is released, he will reside with a friend and immediately seek employment to support himself. Doc #: 671 at 12. It is questionable that a person can have the ability to live with a friend and have a job, but not have the ability to provide self-care within a correctional facility. *See Rodriguez v. Dobbs*, No. 19-20716-CV-GRAHAM, 2019 U.S. Dist. LEXIS 59184, *9 (S.D. Fla. Apr. 4, 2019). Furthermore, the BOP's investigation concluded that Dusenbery is "independent with self-care with a normal life expectancy." Doc #: 678-1.

To the extent Dusenbery is arguing that he is unable to provide self-care because he lacks access to medical treatment, Dusenbery fails to show that his concerns are based in fact. He has not pointed to a single instance where he required treatment and treatment was denied to him. To the contrary, all the records provided to the Court show that the BOP was diligent in scheduling appointments for Dusenbery.[2] Nor has Dusenbery shown that the BOP is inadequately caring for his kidneys or that the BOP would be unable to cope with having an inmate who requires

---

[2] For example, on November 30, 2000 Dusenbery requested to see a doctor to obtain an ultrasound of his kidneys. Doc #: 671-2 at 4. The BOP informed him on December 7, 2000 that an appointment was currently scheduled. Doc #: 671-2 at 5. Further, on April 4, 2001 Dusenbery requested to see a doctor for severe chronic pain and was informed that he was scheduled for an appointment on April 9, 2001. Doc #: 671-2 at 10.

4

dialysis. While Dusenbery may have a problem managing both his kidney pain and his blood pressure simultaneously, he does not explain how this problem would be resolved by being released.

Finally, Courts have denied compassionate release to defendants with equally difficult medical conditions. *United States v. Rivernider*, No. 3:10-cr-222, 2019 U.S. Dist. LEXIS 137134, at *3 (D. Conn. Aug. 14, 2019) (denying compassionate relief where the defendant required bypass surgery and follow-up care after a heart attack); *White v. United States*, 378 F. Supp. 3d 784, 786-87 (W.D. Miss. 2019) (denying compassionate relief where the defendant was legally blind and had osteoarthritis in both knees); Where courts have granted compassionate release due to medical conditions, the medical conditions are exceptionally severe. *See e.g. United States v. York*, Nos. 3:11-CR-76; 3:12-CR-145, 2019 U.S. Dist. LEXIS 119768, *17 (E.D. Ten. July 18, 2019) (granting compassionate relief primarily due to defendant's congestive heart failure); *United States v. Beck*, No 1:13-CR-186-6, 2019 U.S. Dist. LEXIS 108542, *2 (M.D. N.C. June 28, 2019) (granting compassionate relief where defendant had invasive cancer and BOP had shown indifference to defendant's treatment). Because Dusenbery's medical conditions are not sufficiently severe to substantially diminish his ability to provide self-care within the correctional institution, his medical conditions do not establish an extraordinary and compelling reason for a sentence reduction.

### 2. Age of the Defendant

The prerequisite of being at least 65-years-old is required for the age of the defendant to be an extraordinary and compelling reason. USSG § 1B1.13 comment. (n1(B)). Dusenbery is now 61 years old. Thus, he cannot show extraordinary and compelling reasons for a sentence reduction due to his age.

### 3. Family Circumstances

Some family circumstances rise to the level of extraordinary and compelling reasons. USSG § 1B1.13 comment. (n1(C)). Dusenbery does not argue that his sentence should be reduced due to family circumstances.

### 4. Other Reasons

The Policy Statement provides that a sentence reduction is appropriate when "there exists in the defendant's case any extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG § 1B1.13 comment. (n1(D)).[3]

Dusenbery asserts that, in addition to his medical conditions, extraordinary and compelling reasons exist because (1) he would have already been released under his original sentence of 324 months; (2) he would likely have been released under his second sentence of 480 months within the next three or four years; and (3) Judge O'Malley made statements during sentencing indicating that had Dusenbery been eligible for a sentence of less than life in prison, he may have received it.

The Court finds that these facts, considered in combination with Dusenbery's medical conditions, do not constitute extraordinary and compelling reasons. Dusenbery fails to cite any precedent suggesting that an extraordinary and compelling reason to reduce a sentence exists where the defendant was previously given a shorter sentence in the same criminal proceeding or where a sentencing judge was reluctant to impose a mandatory life sentence. Merely because his prior sentences, which were vacated, were less than his current sentence does not render his

---

[3] The Policy Statement provides that "other reasons" are asserted by the director of the BOP. However, because this Policy Statement was written when only the director of the BOP could request a sentence modification, it does not consider requests submitted by defendants. This Court joins other courts in finding that a defendant requesting a sentence modification may assert "other reasons." *See Gray*, 2009 U.S. Dist. LEXIS 161315, at * 6.

current sentence extreme or present a compelling reason to reduce his sentence. Nor does a sentencing judge's reluctancy in imposing a mandatory life sentence render the life sentence extreme or present a compelling reason to reduce his sentence. Rather, the Court finds these "other reasons" are irrelevant. Accordingly, the Court finds that Dusenbery has not shown extraordinary and compelling reasons for a sentence reduction under "other reasons."

**B. Factors Set Forth in 18 U.S.C. § 3553(a)**

Because Dusenbery does not assert extraordinary and compelling reasons for a sentence reduction, the Court does not reach the issue of the sentencing factors under 18 U.S.C. § 3553(a).

**V. Conclusion**

For the foregoing reasons, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release, **Doc #: 671**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster November 18, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**